THREE THOUSAND RESIDENTS OF PUNTA SANTIAGO, HUMACAO, PUERTO RICO, represented by Jose Oquendo, Julia Mendoza, Ada Lopez, and Avelino Vargas, and for themselves, Plaintiffs,

v.

The ENVIRONMENTAL PROTECTION AGENCY and the United States of America, Carlos Romero Barcelo, Governor of the Commonwealth of Puerto Rico; the Environmental Quality Board of the Commonwealth of Puerto Rico; Planning Board of the Commonwealth of Puerto Rico; Sugar Corporation of Puerto Rico; Civil Defense of the Commonwealth of Puerto Rico; Department of Housing of the Commonwealth of Puerto Rico; Department of Health of the Commonwealth of Puerto Rico; Land Authority of Puerto Rico Municipality of Humacao; and Angel Velez Diaz, as Mayor of Municipality of Humacao; and United States Public Health Service, Defendants.

Civ. No. 81–0379.

United States District Court, D. Puerto Rico.

April 7, 1981.

John L. A. DePassalacqua, Isla Verde, P. R., David Carrion Fuentes, San Juan, P. R., Edilberto Berrios Davila, Hato Rey, P. R., for plaintiffs.

Asst. U. S. Atty. V. Reyes De Rodriguez, Hato Rey, P. R., and Fred Disheroon, Washington, D. C., Noelia Marti, San Juan, P. R. and Noel Acevedo, Asst. Dist. Counsel, E. P. A., for the U. S. and E. P. A.

Eduardo Buso, Dept. of Justice of P. R., San Juan, P. R., for Land Authority of P. R.

Enrique Bray, Laffitte & Dominguez, Hato Rey, P. R., for Sugar Corp. of P. R.

Ruben T. Nigaglioni and Jose Ledesma, Nigaglioni, Palou & Ledesma, Hato Rey, P. R., for U. S. I. Properties Corp.

ORDER

CEREZO, District Judge.

The Environmental Protection Agency, the United States of America, the Corps of Engineers, and the U. S. Public Health Service, referred to as the federal defendants, filed a motion to dismiss and in opposition to the motion for temporary restraining order on April 3, 1981 which was opposed with oral argument by plaintiffs during the April 6, 1981 hearing. The Court finds that the presence or absence of probability of success and/or irreparable injuries by plaintiffs is a factual determination which requires specific findings after the receipt of evidence. These are not determinations that can be made by the Court upon memoranda allegations for or against them.

The issue of standing, however, is self-contained within the allegations of the verified complaint and the statutory and constitutional framework invoked by plaintiffs. Plaintiffs asserted as jurisdictional grounds for their complaint the Fifth Amendment of the Constitution of the United States and 5 United States Code Section 702 which provides:

"A person suffering legal wrong because of agency action, or adversely affected or aggrieved by agency action within the meaning of a relevant statute, is entitled to judicial review thereof."

In its written memorandum and in oral argument movants have contended that plaintiffs lack standing even though they have alleged injury in fact because they do not present an interest "within the zone of interest to be protected or regulated by the Clean Water Act, 33 United States Code Sections 1251, *et seq.*" Movants argue that if plaintiffs were alleging that the cease and desist order issued by the Environmental Protection Agency is harming the environment then they would have standing to sue but the Clean Water Act they are contesting tends to protect the environment and plaintiffs' claim is that they would be harmed by flooding not that the environment would be harmed. Therefore, they contend, the requirement of the Administrative Procedure Act, 5 United States Code Section 702, that the agencies' action be challenged by one within the statute's zone of interests has not been complied with. They cite as governing authority the case of *Rhode Island Com. on Energy v. General Services,* 561 F.2d 397 (1st Cir. 1977) in which it was held that although plaintiffs alleged and could show injury in fact they did not fall within the zone of interests of the particular relevant statute there involved—the Federal Property and Administrative Services Act (FPAS), 40 United States Code Section 471, *et seq.*, and, therefore, they had no standing to challenge the impending sale by General Services on the grounds that it violated the FPAS. The first thing to be determined is which is the statute in question and which class of persons was it designed to protect. The court cited a commentary by Stewart, "The Reformation of American Administrative Law," 88 Harv.L.Rev. 1667, 1726–27 (1975), to the effect that "any class of interest which the administrator is required by statute (either implicitly or explicitly) to consider in framing agency policy is entitled to standing under the APA." The court interpreted the FPAS statute and found that

nowhere in its legislative history was any congressional solicitude disclosed for the interest of persons in the position of the Rhode Island Com. on Energy and the nearby residents nor was there any implicit or explicit direction in the statute or its legislative history that required particular attention to interests such as theirs. *Data Processing Service v. Camp,* 397 U.S. 150, 90 S.Ct. 827, 25 L.Ed.2d 184 (1969) discusses the zone of interests requirement of APA and defines those interests sometimes as reflecting economic values and other times non-economic values. It specifically holds that standing concerns the question "whether the interest sought to be protected by the complainant is arguably within the zone of interest to be protected or regulated by the *statute or constitutional guarantee* in question." 397 U.S. at 153, 90 S.Ct. at 830. (Emphasis added.) At page 157, 90 S.Ct. at 832 the Court in *Data Processing Service* observed that there is no presumption against judicial review and in favor of administrative absolutism unless that purpose is fairly discernible in the statutory scheme and referred to the apparent general policy of the statute there involved and the fact that those whose interests were directly affected by a broad or narrow interpretation of the act were easily identifiable. Within this liberal scheme of standing, the court found that plaintiffs were "aggrieved" persons under Section 702 of the Administrative Procedure Act entitled to judicial review of the agency's action. With these guidelines in mind, we conclude that plaintiffs in this case have standing under APA to challenge the action of the EPA in issuing the cease and desist order which resulted in the prohibition of the use of the pumps which claimants allege bring upon them considerable harm to their lives and property. The primary role of the EPA is to protect the environment by evading pollution. Neither under the National Environmental Policy declared by Congress, 42 United States Code Sections 4321 and 4331 nor under the Declaration of Purpose of the Clean Water Act, 33 United States Code 1251, *et seq.*, is the human environment

divorced from the natural environment. The general policy behind the creation of the EPA and the statutes which guard against the degradation of the environment is to maintain harmonious interrelation between man and nature to preserve the people's welfare and health. We cannot speak of an act which protects the natural environment without necessarily referring to the welfare of the people surrounded and affected by that same environment. It is not man against environment nor vice versa, but one working for the other. Movants' restrictive interpretation of the Clean Water Act and its contention that it matters little that plaintiffs can prove that their lives are in danger as long as the environment is safe violates the spirit and the Congressional declaration which has created environmental law and violates the constitutional guarantees that protect them.

The motion to dismiss based on lack of standing is therefore DENIED. However, the dismissal motion as to codefendants U. S. Public Health Service and the Corps of Engineers of the United States is GRANTED because it is founded on speculative allegations which do not state a cause of action against these two codefendants.

SO ORDERED.